UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CRIMINAL NO. 05-30069 |
| ) | |
| CHAUNCEY WHITAKER, ) | |
| ) | |
| Defendant. ) | |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America by Rodger A. Heaton, United States Attorney for the Central District of Illinois, and Gregory M. Gilmore, Assistant United States Attorney, and the defendant, Chauncey Whitaker, personally and by his attorney, Jeff Page, have agreed upon the following:

### THE PLEA

1.  The defendant will enter a Plea of Guilty to the Indictment in this cause, charging him with one count of distribution of cocaine base, "crack" in violation of 21 U.S.C. section 841(a)(1) and one count of distribution of 5 or more grams of cocaine base, "crack" in violation of 21 U.S.C. sections 841(a)(1) and (b)(1)(B).

### ELEMENTS OF THE CHARGES

2.  The offense of distribution of cocaine base, "crack" has the following elements, each of which must be proven beyond a reasonable doubt.

    •   First, that the defendant distributed a substance containing cocaine base ("crack");

    •   Second, that the defendant did so knowingly or intentionally; and

    •   Third, that the defendant knew the substance was a controlled substance.

The offense of distribution of 5 or more grams of cocaine base, "crack" has the following elements, each of which must be proven beyond a reasonable doubt.

- First, that the defendant distributed a substance weighing 5 or more grams containing cocaine base ("crack");

- Second, that the defendant did so knowingly or intentionally; and

- Third, that the defendant knew the substance was a controlled substance.

## POTENTIAL PENALTIES

3. The offense of distribution of cocaine base, "crack" has the following potential penalties:

    (a) Up to 20 years of imprisonment;

    (b) Up to a $1,000,000.00 fine;

    (c) At least three years and up to life of supervised release; and

    (d) Mandatory special assessment of $100.00.

The offense of distribution of 5 or more grams of cocaine base, "crack" has the following potential penalties:

    (a) Mandatory 5 and up to 40 years of imprisonment;

    (b) Up to a $2,000,000.00 fine;

    (c) At least four years and up to life of supervised release; and

    (d) Mandatory special assessment of $100.00.

4. The defendant further understands and agrees to pay the mandatory $100 Special Assessment as required under Title 18, United States Code, Section 3013. The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or

money order made payable to the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement. A failure to comply with this requirement, however, will not constitute grounds for the defendant to withdraw any plea of guilty.

ACCEPTANCE OF RESPONSIBILITY

5. The parties agree, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1 of the United States Sentencing Guidelines and, therefore, is entitled to a two level reduction for acceptance of responsibility under the Guidelines.

The parties also agree that if the defendant's base offense level is 16 or higher that the defendant qualifies for an additional one-point reduction in the defendant's offense level pursuant to United States Sentencing Guidelines Section 3E1.1(b)(2) because the defendant timely notified the United States Attorney's Office of his intention to enter a plea of guilty, thereby permitting the United States to avoid trial preparation and permitting the Court to allocate its resources efficiently. Alternatively, if the defendant's offense level is 16 or higher, the government will move under Section 3E1.1(b) to decrease the defendant's guideline level by one-point on the basis that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

## ADVISORY SENTENCING GUIDELINES

6. The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guidelines range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed.

Based upon the information currently available, the parties agree that for the purpose of calculating the sentencing guidelines, the following calculations apply

| | |
|---|---|
| Base Offense Conduct (§2D1.1(c) 5-20 grams) | 26 |
| Limitation on Applicability of Statute (§2D1.1(b)(7)) | (2) |
| Acceptance (§3E1.1): | (3) |
| Adjusted Offense level: | 21 |

The parties further agree that based upon information currently available, the defendant qualifies for the "safety valve" provisions of 18 U.S.C. § 3553(f).

The defendant and the United States agree that the above statements regarding Sentencing Guidelines are not binding on the Court, and relate only to the positions the parties take regarding the applicable advisory Sentencing Guideline range based upon the information of which they are currently aware. The Court will remain free to make its own independent determination of the applicable advisory Sentencing Guideline range and to impose whatever sentence it deems appropriate. The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever

4

sentence it deems appropriate up to the statutory maximum. The defendant agrees and understands that the defendant will not be allowed to withdraw the defendant's guilty plea because of an objection to the calculation of the Sentencing Guidelines, or to the Court's sentencing findings or rulings, or because the defendant receives a sentence higher than that recommended under the plea agreement.

The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the ***advisory*** Sentencing Guideline range pursuant to United States Sentencing Guidelines Section 5K1.1, and from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e), if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

## STIPULATION OF FACTS

7. In pleading guilty, the defendant stipulates and agrees to the following:

On April 25, 2005, the defendant sold 2.6 grams of cocaine base, "crack," to a confidential informant for $200.00. Subsequent laboratory analysis confirmed the substance was cocaine base, "crack" and weighed 2.6 grams. The transaction occurred in Jacksonville, Illinois, and was recorded on audio and videotape.

On May 9, 2005, the defendant sold 6.3 grams of cocaine base, "crack," to a confidential informant for $400.00. Subsequent laboratory analysis confirmed the substance was cocaine base, "crack" and weighed 6.3 grams. The transaction occurred in Jacksonville, Illinois, and was recorded on audio and videotape.

## WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

8.      The defendant is aware that Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that such section and Title 18, United States Code, Section 3742, affords a defendant a right to appeal the sentence imposed. Understanding those rights and having thoroughly discussed those rights with his attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to his plea agreement and conviction in exchange for the concessions made by the United States in this plea agreement (except his qualification for the safety valve). The defendant further waives the right to appeal his sentence, including any fine or restitution, or the manner in which the sentence, including any fine or restitution, was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatever, excepting however, that the defendant retains the right to appeal any sentence imposed which is above his sentencing guidelines range (upward departure) and his qualification for the safety valve.

## WAIVER OF RIGHT TO COLLATERAL ATTACK

9.      The defendant also understands that he has a right to attack his sentence collaterally on the grounds it was imposed in violation of the Constitution or laws of the United States, he received ineffective assistance from his attorney, this Court was without proper jurisdiction or the sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and his attorney have reviewed Section 2255, and the defendant understands the rights that statute gives him. The defendant's attorney has fully discussed and explained this waiver with the defendant but has made no recommendation to the defendant as to

the waiver of a motion under Title 28, United States Code, Section 2255. Regardless of any advice his attorney has given him one way or the other, in exchange for the concessions made by the United States in this Plea Agreement, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction. Notwithstanding the above, the defendant reserves the right to appeal the imposition of a sentence which is above the sentencing guideline range (upward departure).

### ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

10. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he _personally_ believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant and his attorney asks the Court to accept this waiver so he can receive the full benefit of this agreement.

### VIOLATION OF AGREEMENT BY DEFENDANT

11. The defendant and his attorney acknowledge that the defendant has read this entire

Plea Agreement carefully and has discussed it fully with his attorney. The defendant further understands and agrees that if he violates a term or condition of this Plea Agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty plea.

12. The defendant further agrees that if he violates the Plea Agreement, the United States will be allowed to move to vacate the defendant's conviction and sentence and reinstate any charges against the defendant at its sole discretion.

13. The defendant also agrees to waive any and all double jeopardy rights and the statute of limitations should the United States decide to reinstate any charges against the defendant after a violation of the Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw any previously accepted guilty plea.

## ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

14. The defendant and his attorney acknowledge that they have reviewed and defendant understands the possible application of Sentencing Guidelines §1B1.3 (Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

15. The defendant understands that by entering a Plea of Guilty, the defendant is waiving certain of his rights. Specifically, the defendant understands that by pleading guilty he is waiving the following rights:

    A. If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or, if agreed by the United States Attorney, to a trial by the judge sitting without a jury.

The defendant has a right to a jury trial.

B. If the trial were a jury trial, the jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

C. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. In turn, the defendant could present witnesses and other evidence in his own behalf. If the witnesses for the defendant would not appear voluntarily, their attendance could be compelled by the Court.

D. At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from the refusal to testify. If the defendant desired to do so, he could testify in his own behalf.

16. I have read this Plea Agreement and have discussed it fully with my client. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

Date: 3-22-06         s/Jeffrey Page
                      Jeff Page
                      Attorney for the Defendant

17. Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand the Plea Agreement and accept and agree to it without reservation. I

do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I fully understand this agreement, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack." I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement. I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it.

Date: 03-22-06

Chauncey Whitaker
Defendant

### ACKNOWLEDGMENT OF THE UNITED STATES

18.  I accept and agree to this Plea Agreement for the United States of America.

Date: March 16, 2006

s/Gregory Gilmore

Gregory M. Gilmore
Assistant United States Attorney